# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID SOLOMON KING, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV416-176 CR405-185 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Once before in *King v. United States*, CV408-155, David King unsuccessfully sought 28 U.S.C. § 2255 relief from his conviction and 210-month sentence for possession with intent to distribute crack cocaine and possession of a firearm by a convicted felon. Doc. 87 (recommending that the district judge deny relief), *adopted,* doc. 90.[1] This case arises from his second § 2255 motion. Doc. 111.

King argues that his career offender sentencing enhancement under U.S.S.G. § 4B1.1 is void because *Johnson v. United States,*

---

[1] All citations are to the criminal docket in CR405-185 unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

__U.S.__ ,135 S. Ct. 2551 (2015), found identical language in the Armed Career Criminal Act unconstitutional. Doc. 111 at 4.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court "lacks jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, it "must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original)), *adopted*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

King unsuccessfully sought permission from the Eleventh Circuit before filing in this Court. *In re King*, No. 16-12240 (11th Cir. May 24, 2016). As noted above, not only must a § 2255 movant ask the court of appeals first, that court must *grant* permission. *Smalls*, 2012 WL

1119766 at * 1 (a court "must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing"). Accordingly, it should be **DISMISSED** as successive.[2] Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must

---

[2] Even if this were his first § 2255 motion, it would still fail because, as King admits, the Court enhanced his sentence pursuant to the U.S. Sentencing Guidelines § 4B1.1, not the Armed Career Criminal Act (ACCA). Doc. 111 at 4. *See United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015).

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. The Supreme Court held that the residual clause of the Armed Career Criminal Act "violate[d] the Constitution's guarantee of due process," 135 S.Ct. at 2563, because it violated "[t]he prohibition of vagueness in criminal statutes," *id.* at 2556–57. It further explained that the vagueness doctrine "appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557. The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.
> . . .
> The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. . . . 'Because there is no constitutional right to sentencing guidelines -- or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines -- the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.' *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

*Id.* at 1194-95.

issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this  6th   day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA